Filed 5/1/14  In re Lovell CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re DAVID ANTHONY LOVELL<br><br>on Habeas Corpus. | G049828<br><br>(Super. Ct. No. 12NF2794)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to file a timely notice of appeal.  Petition granted.

Loleena Ansari for Petitioner.

Kamala D. Harris, Attorney General, and Julie L. Garland, Assistant Attorney General for Respondent.

\*          \*          \*

THE COURT: *

David Anthony Lovell seeks relief from the failure to file a timely notice of appeal. The petition is granted.

In exchange for a five-year prison term, David Anthony Lovell pleaded guilty to aggravated assault and battery causing serious bodily injury, and admitted an enhancement for personally inflicting great bodily injury. At the sentencing hearing in October 2013, the trial court denied Lovell's motion to withdraw his plea, and he was sentenced according to the terms of the plea agreement to five years in state prison. According to Lovell's declaration, after he was sentenced, he advised counsel that he wanted to appeal the court's decision by challenging the validity of the plea based on the reasons stated in the motion to withdraw his guilty plea. Trial counsel's declaration confirms that Lovell stated he wanted to appeal the denial of his motion to withdraw his guilty plea and that he "reasonably relied on [counsel] to do so." According to counsel, he filed a timely notice of appeal based on the sentence or other matters occurring after the plea, but inadvertently failed to check the box indicating the appeal also challenged the validity of the plea, and he also failed to request a certificate of probable cause.

The principle of constructive filing of the notice of appeal should be applied in situations where a criminal defendant asks trial counsel to file a notice of appeal on his behalf and counsel fails to do so in accordance with the law. (*In re Benoit* (1973) 10 Cal.3d 72, 87-88.) This is because a trial attorney who has been asked to file a notice of appeal on behalf of a client has a duty to file a proper notice of appeal or tell the client how to file it himself. In this case Lovell reasonably relied on the promise of trial counsel to file a proper notice of appeal in accordance with the law. In the interest of justice, counsel's failure to file a notice of appeal with a request for a certificate of probable cause entitles Lovell to the relief requested.

---

* Before Rylaarsdam, Acting P. J., Ikola, J., and Thompson, J.

2

The Attorney General does not oppose Lovell's request for relief without the issuance of an order to show cause.  (*People v. Romero* (1994) 8 Cal.4th 728.)

The petition is granted.  Appellate counsel is ordered to file an amended notice of appeal and request for certificate of probable cause on Lovell's behalf within 30 days from the date of this opinion becoming final.  The Clerk of the Superior Court is directed to file the amended notice of appeal and request for certificate of probable cause if presented to the superior court within 30 days from the date of this opinion becoming final.  The superior court is ordered to rule on Lovell's request for a certificate of probable cause within 20 days from the date the request is filed.  In the interest of justice, the opinion in this matter is deemed final as to this court forthwith.